IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronald L. Legg, | ) | C/A No.: 4:13-172-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| South Carolina; W. Thomas Floyd, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at the J. Reuben Long Detention Center and brings this action against the State of South Carolina and W. Thomas Floyd, his public defender, alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff filed a handwritten, thirty-seven page complaint alleging he has been "[h]eld to a[n] institutional subjectivity that prejudices [his] defense in [a] state criminal case that is, made possible by State action, causing mental and physical harm." [Entry #1 at 2]. He states he has "been made subjective to a clandestine social control program of (South Carolina), through the aegis of the Horry County Police, the Horry County Detention Center, the Public Defender and Solicitor's office of Horry County, and judges

in 'state action' of deliberate indifferences, to prejudice Plaintiff as a Defendant in state criminal proceedings against him." *Id.* at 7. Plaintiff alleges he "is filing this claim because of constitutional violations against him, and in the interest of justice, the demands of justice require a more expansive interpretation of § 1983 as cited herein...." *Id*. Plaintiff explains that a more expansive interpretation of § 1983 requires the court to examine whether defendant Floyd acted outside of the "traditional function" of counsel. *Id*. at 9.

Plaintiff previously filed a case in this court against Defendant Floyd and others, but Floyd was dismissed from that case on June 11, 2012, because he is not a state actor pursuant to § 1983. *See Legg v. Rhodes, et al.*, C/A No. 4:12-811-RMG-SVH (D.S.C. 2012).[1] In the instant case, he alleges that "[t]his is a new claim for W. Thomas Floyd for the purpose of preventing (manifest injustice), and is asking the court to re-interpret the liability of a public defender, due to new evidence." [Entry #1 at 1]. Specifically, Plaintiff states that Defendant Floyd "waived [Plaintiff's] right to a preliminary hearing without [his] consent, and it was accepted by the magistrate judge which has been a 'non-traditional function' of the magistrate judge and the public defender's office." *Id.* at 10. Plaintiff believes that the "relationship with the magistrate judge and public defender, to waive a due process right without the defendant's consent, where as the state contracts by this acceptance, a state sanctioned intrusion upon the defendant's right to due process,

---

[1] A court may take judicial notice of its own books and records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

thereby forms a relationship outside the 'traditional function,' that becomes a state action outside of due process." *Id.* Thus, it appears Plaintiff believes that Floyd has acted under color of state law by allegedly colluding with the state magistrate judge. *Id*. at 13.

Plaintiff also states that his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights have been violated. *Id*. at 21. He complains of prolonged mental anxiety and religious discrimination. *Id*. at 31. He references a prior lawsuit he filed in this court, and argues that the "Eleventh Amendment is not adopted to protect officials with arguably benign intentions from lawsuits of it's citizens," and maintains that "[o]fficials ... 'can still be put on notice that their conduct violates established law, even in novel factual circumstances.'" *Id*. at 32.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff argues, essentially, that his public defender has colluded with the State and has,

therefore, acted under color of state law. He requests that this court adopt a "more expansive interpretation of §1983." [Entry #1 at 7].

   1.   Defendant Floyd

A defense attorney may act under color of state law under certain limited circumstances. *see Tower v. Glover*, 467 U.S. 914 (1984) (defense attorney acted under color of state law when conspired with prosecution). However, in the instant case, Plaintiff does not allege any facts that would show any positive or tacit understanding by Floyd "to try to accomplish a common and unlawful plan." *See Ruttenberg v. Jones*, 283 Fed. Appx. 121 (4th Cir. 2008) (conspiracy claims must allege sufficient facts to show a "plausible suggestion of conspiracy," which requires the plaintiff to plead facts that would "reasonably lead to the inference that defendants positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.").

Furthermore, Plaintiff can not appeal, or collaterally attack, the ruling in a prior action by filing another action in this court. Plaintiff was previously apprised in another case pending in this court that a public defender does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Legg v. Rhodes*, C/A No. 4:12-811-RMG-SVH at Entry #12, #25.[2] Therefore, the undersigned recommends that defendant Floyd be summarily dismissed from this case without prejudice.

---

[2] This court may take judicial notice of its own files and records, and has no duty to "grind the same corn a second time." *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

5

2.  Eleventh Amendment Immunity

Plaintiff also argues that the "Eleventh Amendment [was] not adopted to protect officials with arguably benign intentions from lawsuits of it's citizens," and maintains that "[o]fficials . . . 'can still be put on notice that their conduct violates established law, even in novel factual circumstances.'" *Id*. at 32.

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).[3] The Eleventh Amendment also generally bars this court from granting injunctive relief against a state or its agencies. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) (finding that "the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment").

Although Plaintiff alleges that the Eleventh Amendment was not adopted to protect officials, he has not sued a state official. He has sued the State of South Carolina, and the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. The Eleventh Amendment also generally bars this court from granting Plaintiff injunctive relief against a state or its agencies. Because the state is

---

[3] Congress has not abrogated the states' sovereign immunity under § 1983. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). Further, South Carolina has not consented to suit in federal district court. See S.C.Code Ann. § 15–78–20(e).

immune from suit pursuant to the Eleventh Amendment, the undersigned recommends it be summarily dismissed from this case.

        3.     *Younger* Abstention

Finally, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts"); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989). In *Cinema Blue*, the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Because Plaintiff's claims pertaining to his bond, his preliminary hearing, the grand jury proceedings, his right to a fast and speedy trial, and the effective assistance of counsel may be adequately addressed in his ongoing state court criminal proceedings, the undersigned recommends this court abstain from addressing these claims.

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

February 12, 2013  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).