IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Ronald L. Legg,

  Plaintiff,

v.

South Carolina; and W. Thomas Floyd,

  Defendants.

No. 4:13-cv-172-RMG

**ORDER**

  Plaintiff Ronald L. Legg, an inmate at the Horry County Detention Center in Conway, South Carolina, brought this 42 U.S.C. § 1983 action *pro se* on January 17, 2013, alleging that Defendant W. Thomas Floyd, a public defender, violated Plaintiff's due process rights by colluding with a magistrate judge to waive his right to a certain preliminary hearing. (Dkt. No. 1 at 10–11). According to Plaintiff, the hearing "would have been critical to preserving evidence, assuring and extrapolating timely knowledge and gains from the inquiry of constitutional violations during the investigation and arrest of (Plaintiff)." (*Id.* at 15). Plaintiff further alleges that Defendant Floyd engaged in a "symbiotic" relationship with the State of South Carolina, participating in a system of "social control" designed to deprive pretrial detainees of certain rights and protections so that they acquiesce to the State by entering guilty pleas. (*Id.* at 16–18). Plaintiff proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**Background**

  Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), DSC, this case was assigned to a Magistrate Judge. The Magistrate Judge reviewed the complaint pursuant to the procedural

provisions of 28 U.S.C. § 1915(e)(2). On February 12, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Plaintiff's complaint be summarily dismissed, without prejudice and without issuance and service of process. (Dkt. No. 9). Plaintiff submitted objections to the R&R, and the Court will review those objections. (Dkt. No. 13).[1]

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none

---

[1] Though there is some question as to the timeliness of Plaintiff's objections, the Court will permit the objections and review them. The Court therefore GRANTS Plaintiff's Motion to Consider Missed Deadline for Motion for Objections to Report and Recommendation. (Dkt. No. 12).

exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

The Magistrate Judge liberally construed the complaint, accurately summarized the law, and correctly concluded that Plaintiff's § 1983 claim should be dismissed. As the Magistrate Judge correctly pointed out, though there are certain circumstances in which a public defender may be said to act under color of state law for § 1983 purposes, *see Tower v. Glover*, 467 U.S. 914, 923 (1984), Plaintiff does not allege facts making it plausible that Defendant Floyd did so. (Dkt. No. 9 at 5). Further, the Eleventh Amendment bars suit against the State of South Carolina and, even if it did not, abstention doctrine counsels against interference with these not-yet-exhausted state criminal proceedings. *See* U.S. Const. amend. XI; *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

Plaintiff appears aware of these limitations but, nevertheless, attempts to assert what he regards to be a novel challenge to the criminal justice system as a whole.[2] (*See* Dkt. No. 1 at 21 (stating "[t]his is a new era of interpretation I do realize . . .")). This systemic grievance is simply not of a type this Court can consider. *See Baker v. Carr*, 369 U.S. 186, 217 (1962) (setting forth the criteria for what constitutes a non-justiciable political question). Accordingly, Plaintiff "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## Conclusion

After a thorough review of the Report and Recommendation and Plaintiff's pleadings, the Court GRANTS Plaintiff's motion requesting that the Court consider his objections to the Report and Recommendation, (Dkt. No. 12), adopts the Magistrate Judge's Report and Recommendation,

---

[2] This systemic challenge appears to be how Plaintiff seeks to avoid the preclusive effect of this Court's dismissal of his claim against Defendant Floyd in a previously-filed case. *See Legg v. Rhodes et al.*, C/A No. 4:12-cv-811-RMG, 2012 WL 6177022 (D.S.C. Dec. 11, 2012).

and DISMISSES this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
March 7, 2013